**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 110681

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Kristina O'Donohue a/k/a/ Kristina L. Devery and Kiley Jackson, <br><br> Plaintiffs, <br><br> vs. <br><br> Central Credit Services, LLC, <br><br> Defendant. | Docket No: <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Kristina O'Donohue a/k/a/ Kristina L. Devery ("Plaintiff O'Donohue") and Kiley Jackson ("Plaintiff Jackson"), by and through the undersigned counsel, complain, state and allege against Central Credit Services, LLC (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1.  This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2.  This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.  Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.  At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiffs are individuals who are citizens of the State of New York.

6. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant's principal place of business is located in Saint Charles, Missouri.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiffs owe a debt ("the debts").

11. The debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

12. Plaintiffs' debts were incurred on credit cards issued by Walmart through Synchrony Bank.

13. Plaintiffs' credit cards accrued interest.

14. Plaintiffs' credit cards accrued late fees.

15. Sometime after the incurrence of the debts, Plaintiffs fell behind on payments owed.

16. Thereafter, at an exact time known only to Defendant, the debts were assigned or otherwise transferred to Defendant for collection.

17. In its efforts to collect Plaintiff O'Donohue's debt, Defendant contacted Plaintiff O'Donohue by letter dated October 5, 2015 (the "O'Donohue Letter"). ("Exhibit 1.")

18. In its efforts to collect Plaintiff Jackson's debt, Defendant contacted Plaintiff Jackson by letter dated April 11, 2016 (the "Jackson Letter"). ("Exhibit 1.")

19. The O'Donohue Letter was the initial communication to Plaintiff O'Donohue from Defendant concerning the debt referenced therein.

20. The Jackson Letter was the initial communication to Plaintiff Jackson from Defendant concerning the debt referenced therein.

21. Both the O'Donohue Letter and the Jackson Letter are "communications" as defined by 15 U.S.C. § 1692a(2).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## FIRST COUNT
## Violation of 15 U.S.C. § 1692g
## Failure to Adequately Convey the Amount of the Debt
## AS TO PLAINTIFF O'DONOHUE

22. Plaintiff O'Donohue repeats and realleges the foregoing paragraphs as if fully restated herein.

23. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

24. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

25. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

26. The O'Donohue Letter sets forth a balance of $3,625.00.

27. The O'Donohue Letter fails to disclose whether the balance may increase due to additional interest.

28. The O'Donohue Letter fails to disclose whether the balance may increase due to additional late fees.

29. The O'Donohue Letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

30. The O'Donohue Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

31. The O'Donohue Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

32. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the balance at any time after receipt of the letter.

33. The least sophisticated consumer could also reasonably believe that the balance was accurate only on the date of the letter because of the continued accumulation of interest

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

and/or late fees.

34. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable interest rate, or date of accrual.

35. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the amount of applicable and/or possible late fees.

36. For these reasons, Defendant failed to clearly state the amount of the debt.

37. For these reasons, Defendant failed to unambiguously state the amount of the debt.

38. For these reasons, the O'Donohue Letter would likely make the least sophisticated consumer uncertain as to the amount of the debt.

39. For these reasons, the O'Donohue Letter would likely make the least sophisticated consumer confused as to the amount of the debt.

40. Defendant has violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations**
**AS TO PLAINTIFF O'DONOHUE**

41. Plaintiff O'Donohue repeats and realleges the foregoing paragraphs as if fully restated herein.

42. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

44. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

45. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

46. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

47. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

48. As previously alleged, the least sophisticated consumer could reasonably read the O'Donohue Letter to mean that the balance was static.

49. As previously alleged, the least sophisticated consumer could also reasonably read the O'Donohue Letter to mean that the balance was dynamic due to the continued accumulation of interest and/or late fees.

50. Because the O'Donohue Letter is susceptible to an inaccurate reading by the least sophisticated consumer, it is deceptive under 15 U.S.C. § 1692e.

51. Because the O'Donohue Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

52. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692g
### Failure to Adequately Convey the Amount of the Debt
### AS TO PLAINTIFF JACKSON

53. Plaintiff Jackson repeats and realleges the foregoing paragraphs as if fully restated herein.

54. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

55. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

56. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

5

57. The Jackson Letter sets forth a balance of $2,659.00.

58. The Jackson Letter fails to disclose whether the balance may increase due to additional interest.

59. The Jackson Letter fails to disclose whether the balance may increase due to additional late fees.

60. The Jackson Letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

61. The Jackson Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

62. The Jackson Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

63. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the balance at any time after receipt of the letter.

64. The least sophisticated consumer could also reasonably believe that the balance was accurate only on the date of the letter because of the continued accumulation of interest and/or late fees.

65. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable interest rate, or date of accrual.

66. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the amount of applicable and/or possible late fees.

67. For these reasons, Defendant failed to clearly state the amount of the debt.

68. For these reasons, Defendant failed to unambiguously state the amount of the debt.

69. For these reasons, the Jackson Letter would likely make the least sophisticated consumer uncertain as to the amount of the debt.

70. For these reasons, the Jackson Letter would likely make the least sophisticated

6

consumer confused as to the amount of the debt.

71. Defendant has violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

## FOURTH COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations
### AS TO PLAINTIFF JACKSON

72. Plaintiff Jackson repeats and realleges the foregoing paragraphs as if fully restated herein.

73. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

74. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

75. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

76. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

77. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

78. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

79. As previously alleged, the least sophisticated consumer could reasonably read the Jackson Letter to mean that the balance was static.

80. As previously alleged, the least sophisticated consumer could also reasonably read the Jackson Letter to mean that the balance was dynamic due to the continued accumulation of interest and/or late fees.

81. Because the Jackson Letter is susceptible to an inaccurate reading by the least sophisticated consumer, it is deceptive under 15 U.S.C. § 1692e.

82. Because the Jackson Letter can reasonably be read by the least sophisticated

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

83. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## JURY DEMAND

84. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a. Statutory damages of $1,000.00 against Defendant in favor of Plaintiff O'Donohue pursuant to 15 U.S.C. § 1692k; and

b. Statutory damages of $1,000.00 against Defendant in favor of Plaintiff Jackson pursuant to 15 U.S.C. § 1692k; and

c. Plaintiffs' actual damages; and

d. Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

e. Plaintiffs' costs; all together with

f. Such other relief that the Court determines is just and proper.

DATED: October 5, 2016

**BARSHAY SANDERS, PLLC**

By:     /s/ Craig B. Sanders
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 110681